# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: **ZULEIMA MESTRE CORREA**
SSN xxx-xx-3941

Debtor(s)

CASE NO: **22-01497-EAG**

**Chapter 13**

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **LYSSETTE A MORALES VIDAL***

Total Agreed: **$0.00**    Paid Pre-Petition: **$0.00**   Outstanding (Through the Plan): **$0.00**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325

**Debtor's/s' Commitment Period:** ☑ Under Median Income 36 months   ☐ Above Median Income 60 months §1325(b)(1)(B)
☐ The Trustee cannot determine debtor's/s' commitment period at this time.   Projected Disposable Income: **$0.00**

**Liquidation Value: $0.00   Estimated Priority Debt: $0.00**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the (amended) Plan date: **Oct 05, 2022** (Dkt **29**)   Plan Base: **$34,500.00**

The Trustee:   ☐ **DOES NOT OBJECT**   ☑ **OBJECTS**   Plan Confirmation   Gen. Uns. Approx. Dist.: ____ %

The Trustee objects to confirmation for the following reasons:

[1325(a)(1)] Failure to comply with her/his/their duties.[11 U.S.C.704(a)(4) and 1302(b)(1)]

A review of the contact submitted, shows debtor is renting the use of two telephone lines , email and web page. and an email, not the rental of the Truck, this must be clarified.

[1325(a)(5)] Plan fails to comply with required treatment of allowed Secured Claims.

- Section 3.7 Debtor must submit how he was able to determine the Monthly PMT on arrearage in the amount of $517.50.

[1325(a)(9)] Tax Requirements – Debtor(s) fails to comply with Tax Return filing requirement of [1308].

Debtor has been receiving since Oct 2021, income form rental of a vehicle , debtor may be obliged to filed 1040 PR year 2021. Debtor must submit copy the source of payment of the rent, check, cash direct deposit.

[1325(b)(1)(B)] Projected Disposable Income – Debtor(s) fails to apply projected disposable income, to be received during applicable commitment period, to make payments to unsecured creditors under the plan. [1322(a)(1)]

Trustee objects to provision section 8.2 of the plan since the income been received comes from 3 separates sources of income:

Debtor social security, her Boyfriend contribution from social security and rental of a truck financed by Debt with Popular Auto ( claim no.2) , even though the plan and schedules state the rental income comes from her boyfriend contribution of $1,500.00 , the vehicle being rented is in the name of debtor

and not her boyfriend.

## Part 5: Treatment of Nonpriority Unsecured Claims

- Section 5.1 - The plan fails to provide treatment for nonpriority unsecured creditors in the case.

**\*OTHER COMMENTS / OBJECTIONS**

Trustee objects 8.5 – This section modifies LBF Part 4 Treatment of fees & priority claims : If this case is dismissed or converted after confirmation of the chapter 13 Plan, or any modification of this Plan, the Trustee will pay to the debtor's attorney any fees & expenses allowed by the Court, prior to payment of any funds to the Debtor. This provision in relation to the Conversion is contrary to the determination of Harris v Viegelahn, 135 s. Ct. 1829(2015). In said case, the Supreme Court determined that a Debtor who converts a case to a Chapter 7 is entitled to the return of any post-petition wages not yet distributed by the Trustee

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: October 20, 2022

/s/ Juliel Perez, Esq.

Last Docket Verified: 35   Last Claim Verified: 3   CMC: YC