# IN THE UNITED STATES BANKRUPTCY COURT
# DISTRICT OF PUERTO RICO

IN RE: **ZULEIMA MESTRE CORREA**
SSN xxx-xx-3941

Debtor(s)

CASE NO: **22-01497-EAG**

**Chapter 13**

## TRUSTEE'S OBJECTION TO PROPOSED PLAN CONFIRMATION UNDER SECTION 1325

*ATTORNEY FEES AS PER R 2016(b) STATEMENT:

Attorney of Record: **LYSSETTE A MORALES VIDAL***

Total Agreed: **$0.00**     Paid Pre-Petition: **$0.00**     Outstanding (Through the Plan): **$0.00**

*TRUSTEE'S POSITION RE CONFIRMATION UNDER U.S.C. §1325

**Debtor's/s' Commitment Period:** ☑ Under Median Income 36 months   ☐ Above Median Income 60 months §1325(b)(1)(B)
☐ The Trustee cannot determine debtor's/s' commitment period at this time.   Projected Disposable Income: **$0.00**

**Liquidation Value: $0.00   Estimated Priority Debt: $0.00**

If the estate were liquidated under Chapter 7, nonpriority unsecured claims would be paid approximately $0.00

With respect to the (amended) Plan date: **Dec 05, 2022  (Dkt  41)**     Plan Base: **$35,425.00**

**The Trustee:**   ☐ **DOES NOT OBJECT**   ☑ **OBJECTS**   Plan Confirmation   Gen. Uns. Approx. Dist.: 100 %

The Trustee objects to confirmation for the following reasons:

[1325(a)(5)] Plan fails to comply with required treatment of allowed Secured Claims.

Section 3.7 states that Debtor will make pro-rata payments to Popular Auto for 55 months, commencing on month 10. This is not possible, since this is a 60 month plan.

*OTHER COMMENTS / OBJECTIONS

Trustee objects 8.5 – This section modifies LBF Part 4 Treatment of fees & priority claims : If this case is dismissed or converted after confirmation of the chapter 13 Plan, or any modification of this Plan, the Trustee will pay to the debtor's attorney any fees & expenses allowed by the Court, prior to payment of any funds to the Debtor. This provision in relation to the Conversion is contrary to the determination of Harris v Viegelahn, 135 s. Ct. 1829(2015). In said case, the Supreme Court determined that a Debtor who converts a case to a Chapter 7 is entitled to the return of any post-petition wages not yet distributed by the Trustee. Upon conversion, the Trustee's duties cease and he may not continue to make distributions under the plan. His only duty is to return any undistributed funds to the Debtor. Any funds for fees must be paid prior to conversion.

**CERTIFICATE OF SERVICE**: The Chapter 13 Trustee herewith certifies that a copy of this motion has been served via first class mail on the same date it is filed to: the DEBTOR(S), and to her/his/their attorney throught CM-ECF notification system.

/s/ Jose R. Carrion, Esq.
**CHAPTER 13 TRUSTEE**
PO Box 9023884, San Juan PR 00902-3884
Tel. (787)977-3535 Fax (787)977-3550

Date: December 23, 2022

/s/ Alexandra Rodriguez, Esq.

Last Docket Verified: 46   Last Claim Verified: 3   CMC: YC